**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

KRISTINE BROWN, *et al.*,                          *

     Plaintiffs,                                    *

     v.                                             *                    Civil Action No. 8:22-cv-01734-PX

FREDERICK KITCHER
DORA KITCHER                                       *

     Defendants.                                    *
                            ***

<u>**MEMORANDUM OPINION AND ORDER**</u>

Pending before the Court is Plaintiffs' motion to remand this foreclosure action to the

Circuit Court for Montgomery County.  ECF No. 9.  The motion is fully briefed and no hearing

is necessary.  D. Md. Loc. R. 105.6.  Because Defendants' removal is untimely, the motion for

remand is GRANTED.

On February 10, 2006, Defendants Frederick and Dora Kitcher ("the Kitchers") secured a

mortgage loan on their property at 14611 Bubbling Spring Road, Boyds, Maryland 20841 ("the

Property").  *See* ECF No. 8 at 23-36; *see also* ECF No. 1-1 at 45-58.  On April 7, 2006, the

Kitchers recorded the Deed of Trust on the Property.  *See* ECF No. 8 at 3-14; *see also* ECF 1-1 at

26-36.  On December 9, 2015, Wells Fargo Bank, N.A. notified the Kitchers that their mortgage

loan payment was 191 days past due, and that the bank intended to foreclose on the Property.

*See* ECF No. 8 at 43; *see also* ECF No. 1-1 at 65.

The Substitute Trustees initiated the foreclosure action (*William M. Savage, et al. v.*

*Frederick Kitcher, et al.*, No. 419288V) in the Circuit Court for Montgomery County on April

11, 2016.  *See* ECF 8 at 1; *see also* ECF Nos. 1-1 & 11-3.[1]  The Defendants were served on April

---

[1] Wells Fargo Bank, N.A. appointed Kristine D. Brown, William M. Savage, Gregory N. Britto, Lila Z. Stitely, R. Kip Stone, and Jordy B. Hirschfeld as Substitute Trustees according to the terms of the Deed of Trust.

23, 2016. ECF No. 9 at 4. After prolonged litigation, the Circuit Court ratified the foreclosure sale on July 19, 2021, and awarded possession to Omaha Property Manager, LLC on February 2, 2022. ECF No. 1-1 at 19, 22.[2]

With the state foreclosure action near its end, the Kitchers noted removal to this Court, invoking both federal question and diversity jurisdiction. *See* ECF No. 1. The Substitute Trustees moved to remand, primarily arguing that the Kitchers' removal was untimely. *See* ECF No. 9 at 7-8. The Court agrees with the Substitute Trustees.

State actions that originally could have been brought in federal court may be removed pursuant to 28 U.S.C. § 1441. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). 28 U.S.C. § 1446 expressly provides that any such "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]" 28 U.S.C. § 1446(b)(1); *see also Lovern v. General Motors Corp.*, 121 F.3d 160, 161 (4th Cir. 1997). When removal is based on diversity jurisdiction, a defendant must remove the case within one year after commencement of the action. 28 U.S.C. § 1446(c)(1). Failure to comply with § 1446 provides sufficient grounds for "immediately remanding a removed case to state court." *FHC Options, Inc. v. Sec. Life Ins. Co. of Am.*, 993 F. Supp. 378, 380 (E.D. Va. 1998); *see also Davis v. Rutherford*, No. 2:09-CV-00096, 2009 WL 2599329, at *6 (S.D. W. Va. May 19, 2009), *adopted in relevant part*, 2009 WL 2599328, at *4 (S.D. W. Va. Aug. 20, 2009).

The Kitchers waited **six years** to note removal of this case, and after much litigation has

---

*See* ECF No. 8 at 37-38; *see also* ECF No. 1-1 at 59-60.

[2] "The ratification of a sale constitutes a final judgment[.]" *See Jones v. Ward*, No. GJH-20-3225, 2021 WL 2861518, at *6 (D. Md. July 8, 2021).

ensued in state court.  Clearly, the Kitchers have failed to comply with § 1446, and so, remand is warranted.[3]

The Substitute Trustees also seek "an award of costs and actual expenses, including attorney's fees, incurred as a result of the removal[.]"  ECF No. 9 at 1.  Courts may award costs incurred from removal under 28 U.S.C. § 1447(c), but "only where the removing party lacked an objectively reasonable basis for seeking removal."  *Rizwan v. Lender Services Inc.*, 176 F. Supp. 3d 513, 516 (D. Md. 2016) (citing *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). Among other factors, "a plaintiff's delay in seeking remand . . . may affect the decision to award attorney's fees."  *Martin*, 546 U.S. at 141.  Again, it appears plain that the Kitchers waited until they received an unfavorable decision in state court to note removal.  They completely failed to adhere to the pertinent statutory removal requirements and otherwise provided no objectively reasonable basis for seeking removal.  Accordingly, they will be ordered to pay just costs.[4]

Based on the foregoing, it is this 27th day of September 2022, by the United States District Court for the District of Maryland, ORDERED that:

1. The motion to remand (ECF No. 9) filed by William M. Savage BE, and the same hereby IS, GRANTED;

2. Plaintiffs' request for fees, costs, and other expenses incurred as a result of the improper removal is GRANTED;

3. Plaintiffs SHALL submit documentation of fees, costs, and other expenses within 21

[3] The Court declines to address the Substitute Trustees' alternative grounds for remand.  *See Link Telecommunications, Inc. v. Sapperstein*, 119 F. Supp. 2d 536, 542 (D. Md. 2000) ("If a defendant does not comply with the thirty-day removal period set forth in § 1446(b), then the court does not need to address the substantive grounds for removal.").

[4] The Court may impose costs notwithstanding the Kitchers' pro se status.  *Banerjee v. Vivint Solar Developer LLC*, No. GJH-20-00674, 2021 WL 211300, at *4 (D. Md. Jan. 21, 2021); *see also Federated Capital Corp. v. Betskoff*, No. CCB-13-538, 2013 WL 1568423, at *1 (D. Md. Apr. 12, 2013) (granting remand but limiting the fee award to $500 given the defendant's pro se status).

days of the date of this Order;

4.  The Clerk SHALL REMAND this action to the Circuit Court for Montgomery

County, Maryland, for further proceedings;

5.  The Clerk shall TRANSMIT and MAIL copies of this Order to the parties and the

Clerk of the Court for the Circuit Court for Montgomery County, Maryland.

9/27/2022 _____                    _____/s/_____
Date                                         Paula Xinis
                                             United States District Judge